# KORSINSKY & KLEIN, LLP
**2926 Avenue L**
**Brooklyn, New York 11210**

TEL: (212) 495-8133

WWW.KKLAWFIRM.COM

*PARTNERS:*
MICHAEL KORSINSKY, ESQ.*
JOSEPH KLEIN, ESQ., CPA*
AVI LEW, ESQ.*
SAMUEL DIAMANTSTEIN, ESQ.*
KENNETH RENOV, ESQ.*

*ASSOCIATES:*
JOSHUA KURZ, ESQ

*COUNSEL:*
DANIELLE M. LEVENTHAL ELIAS, ESQ.*
J. MIA KENTON, ESQ.*

<u>MANHATTAN OFFICE</u>
271 Madison Avenue, 18th Floor
New York, New York 10016

* Admitted in NY & NJ

November 26, 2025

**VIA ECF**
Hon. Eric R. Komitee
U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:    In re: LCG Community Services, Inc.
             Case No.: 1:25-cv-03535-EK

Dear Judge Komitee:

      We represent the Appellant Korsinsky & Klein, LLP in the above-referenced Bankruptcy Court appeal (the "Appeal"). In accordance with the Court's Order on November 4, 2025, we respond to the Court's Order to Show Cause why the Appeal should not be dismissed at this time as moot.

      The Hon. Elizabeth S. Stong So-Ordered the Stipulation and Order Resolving the Objection Filed by Secured Creditor Korsinsky & Klein, LLP, etc., in the Eastern District of New York Bankruptcy Court on October 22, 2025 (the "Effective Date"). That Stipulation expressly states that the Appeal is not to be dismissed until the conditions of the stipulation have been satisfied and until such time, there is an ongoing case and controversary. In fact, Paragraph 7 of the Stipulation, states that if payment and other conditions are not met, a default occurs and the Stipulation will then be "deemed null and void" pursuant to the terms thereof, and parties will have been returned to their original position, including proceeding with the Appeal. Thus, both the Bankrputcy Court and the parties contemplate that the case is on-going and a controversy continues to exist.

      In this Court's Order, the Court referenced *Agee v. Paramount Commc'ns, Inc.,* 114 F.3d 395, 399 (2d Cir. 1997). While it is true at when there is a settlement <u>and</u> there is "no on-going case or controversy," the Court should dismiss the appeal due to lack of jurisdiction, here, the very stipulation executed by the parties expressly contemplated an "on-going case or controversy"

Hon. Eric R. Komitee<br>
Case No.: 1:25-cv-03535-EK<br>
November 26, 2025<br>
Page 2

should certain conditions not occur, and which case the settlement agreement is "null and void," requiring the parties to proceed with the appeal. Thus, the parties sought to avoid the expense and time to perfect the appeal to allow the settling defendant to meet those conditions precedent. The controversy is very much alive until the agreed-upon items are performed. In fact, the very stipulation is "deemed null and void" pursuant to the terms thereof and the appeal is to continue if those terms have not satisfied. Thus, the parties negotiated and agreed that there is a pending controversy until the required payments under the stipulation occur. Once occurred, the parties agreed to settle the matter and there is no longer any on-going controversy.

Allowing the appeal to be dismissed now would go against the terms of the Court-approved settlement and would necessitate that the violate the terms of Paragraph 7 of the Stipulation, and more troubling will leave no relief for the Appellate should there be a breach. In any event, given the information we have, the payments under the stipulation would be due approximately March 2026.

Accordingly, we request that the appeal not be dismissed and the case to remain stayed and respectfully request permission to either dismiss the appeal pursuant to the terms of the Stipulation or file a status report by March 30, 2026. If the Court is inclined to nevertheless dismiss the appeal, we respectfully, request that the Court give us an opportunity to notify the bankruptcy court and advise the position of this Court to find an alternative relief. Court's favor settlement and the parties did just that here, however, there is a pending controversy and therefore there is still a need for the jurisdiction of the Appellate Court to remain active until the terms of the settlement are satisfied. Only after that occurs, will the appeal become moot.

Thank you for your courtesy and attention.

Respectfully,<br>
KORSINSKY & KLEIN LLP<br>
<br>
By: /s/ *Michael Korsinsky*<br>
      Michael Korsinsky

Cc: All counsel via ECF